# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
### No. 16-0487V
### Filed: January 17, 2017
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| THE ESTATE OF FRANK LEE KAPP, JR., *By and through Fidelity Bank d/b/a Trust Company of North Carolina, (John Slayton, Executive Vice President and Director), Executor,* | *  *  *  *  *  *  * |
| Petitioner, | * |
| v. | * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *  *  * |
| Respondent. | * |

Joint Stipulation on Damages; Tetanus-diphtheria-acellular pertussis ("Tdap") Vaccine; Influenza ("Flu") Vaccine; Guillain-Barré Syndrome ("GBS"); Death; Special Processing Unit ("SPU")

* * * * * * * * * * * * * * * * * * * * * * * * * *

*John R. Taylor, Zaytoun Law Firm, PLLC, Raleigh, NC, for petitioner.*
*Gordon E. Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON JOINT STIPULATION[1]

**Dorsey**, Chief Special Master:

On April 19, 2016, Fidelity Bank, doing business as the Trust Company of North Carolina ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of the Estate of Frank Lee Kapp, Jr. ("Mr. Kapp"), deceased. An amended petition was filed on September 16, 2016. Petitioner claims that Mr. Kapp's death on November 8, 2014, resulted from Guillain-Barré Syndrome ("GBS") caused by either the influenza ("flu") vaccine he received on September 23, 2014, or the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on October 16, 2014. Am. Pet. at ¶¶

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

17, 19, 21, 27, 28; Stip., filed Jan. 17, 2017, at ¶¶ 1, 2, 4.  Mr. Kapp received the vaccinations in the United States.  Am. Pet. at ¶¶ 4, 5; Stip. at ¶ 3.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on Mr. Kapp's behalf as a result of his alleged injury and death.  Am. Pet. at ¶¶ 25, 26; Stip. at ¶ 5.  Respondent denies that Mr. Kapp suffered any injury as a result of either the Tdap vaccine administered on October 16, 2014, or the flu vaccine administered on September 23, 2014, and denies that Mr. Kapp's death was a sequela of his allegedly vaccine-related GBS.  Stip. at ¶ 6.

Nevertheless, on January 17, 2017, the parties filed the attached joint stipulation, stating that a decision should be entered awarding compensation.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $482,500.00 in the form of a check payable to petitioner as the Legal Representative of the Estate of Frank Lee Kapp, Jr.**  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

The undersigned approves the requested amount for petitioner's compensation.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Nora Beth Dorsey**
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| THE ESTATE OF FRANK LEE KAPP, Jr., ) <br> By and Through Fidelity Bank d/b/a ) <br> Trust Company of North Carolina, ) <br> (John Slayton, Executive Vice President ) <br> And Director), Executor, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF HEALTH AND ) <br> HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> _____) | No. 16-487V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Fidelity Bank, doing business as the Trust Company of North Carolina ("Petitioner"), filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"), on behalf of The Estate of Frank Lee Kapp ("Mr. Kapp"), deceased. Petitioner subsequently filed an amended petition. The amended petition seeks compensation for injuries and death allegedly related to Mr. Kapp's receipt of the tetanus-diphtheria-acellular pertussis ("Tdap") and influenza ("flu") vaccines, which are vaccines contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Mr. Kapp received the flu vaccine on or about September 23, 2014, and received the Tdap vaccine on or about October 16, 2014.

3. The vaccines were administered within the United States.

4. Petitioner alleges that as a result of receiving either the Tdap or the flu vaccine, Mr. Kapp suffered Guillain-Barre syndrome ("GBS"). Petitioner further alleges that Mr. Kapp's death was a sequela of his vaccine-related GBS.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mr. Kapp as a result of his condition and/or his death.

6. Respondent denies that Mr. Kapp suffered any injury as a result of either the Tdap vaccine administered on or about October 16, 2014, or the flu vaccine administered on or about September 23, 2014, and denies that Mr. Kapp's death was a sequela of his allegedly vaccine-related GBS.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $482,500.00 in the form of a check payable to petitioner as the Legal Representative of the Estate of Frank Lee Kapp. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.  Payment made pursuant to paragraph 8 of this Stipulation, and any amount awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.  Petitioner represents that it presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of Mr. Kapp's estate under the laws of the State of North Carolina.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing its appointment as the legal representative of Mr. Kapp's estate.

12.  In return for the payments described in paragraphs 8 and 9, petitioner, in its individual capacity, and as the legal representative of Mr. Kapp's estate, on its own behalf, and on behalf of the Estate and Mr. Kapp's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Kapp resulting from, or alleged to have resulted from, the Tdap vaccine administered on or about October 16, 2014 and the flu vaccine administered on or about September 23, 2014, as alleged in a petition for vaccine compensation filed on or about April 19, 2016, and amended on or about September 16, 2016, in the United States Court of Federal Claims as petition No. 16-487V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the either the Tdap or flu vaccines caused Mr. Kapp's alleged GBS or any other injury or death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Mr. Kapp.

## END OF STIPULATION

Respectfully submitted,

PETITIONER:

THE ESTATE OF FRANK LEE KAPP
By and Through Fidelity Bank d/b/a
Trust Company of North Carolina
(John Slayton, Executive Vice President and Director),
Executor

ATTORNEY OF RECORD FOR
PETITIONER:

JOHN K. TAYLOR
Zaytoun Law Firm, PLLC
3130 Fairhill Drive, Suite 100
Raleigh, NC 27612
(919) 832-6690

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs (DICP),
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4208

Dated: 1/17/17