# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 16-0487V
### Filed: March 31, 2017
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| THE ESTATE OF FRANK LEE KAPP, JR., *By and through Fidelity Bank d/b/a Trust Company of North Carolina, (John Slayton, Executive Vice President and Director), Executor,* | \* \* \* \* \* \* | |
| Petitioner, | \* \* | Attorneys' Fees and Costs; Retainer Agreement; Special Processing Unit ("SPU") |
| v. | \* \* | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | \* \* \* | |
| Respondent. | \* \* \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*John R. Taylor, Zaytoun Law Firm, PLLC, Raleigh, NC, for petitioner.*
*Gordon E. Shemin, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On April 19, 2016, Fidelity Bank, doing business as the Trust Company of North Carolina ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), on behalf of the Estate of Frank Lee Kapp, Jr. ("Mr. Kapp"), deceased. An amended petition was filed on September 16, 2016. Petitioner claims that Mr. Kapp's death on

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

November 8, 2014, resulted from Guillain-Barré Syndrome ("GBS") caused by either the influenza ("flu") vaccine he received on September 23, 2014, or the tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on October 16, 2014.  On January 17, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation.

On March 20, 2017, petitioner submitted an application for attorneys' fees and costs, which was unopposed by respondent.[3]  Motion for Fees and Costs ("Motion"), filed Mar. 20, 2017 (ECF No. 29).  Petitioner requested $11,053.50 in attorneys' fees and $806.89 in attorneys' costs.[4]  Motion at 4.  Petitioner also sought reimbursement for initial case-related costs in the amount of $1,137.25.  *Id.*

During the undersigned's review of petitioner's application and associated exhibits, she discovered that petitioner paid the counsel of record a retainer to cover certain costs and to secure legal representation.  The motion explains:

> In 2015 Petitioner engaged the undersigned counsel to investigate any potential legal claims arising from the death of Mr. Frank Lee Kapp, Jr. Petitioner and Petitioner's counsel entered into a 'Preliminary Evaluation Agreement' where the Petitioner paid Counsel a retainer of $2,500.00 to retain and secure the representation of the Zaytoun law Firm in this matter and to also cover the costs of a preliminary evaluation of the medical records in this matter by a legal nurse consultant who works with Zaytoun Law Firm.

Motion at ¶ 15.

Petitioner's counsel then proceeded to order the relevant medical records and conduct a thorough review of the same, with assistance from the legal nurse consultant. After completing the review, petitioner's counsel determined that there was not a viable medical malpractice claim against any of Mr. Kapp's providers, but that there was a potential vaccine injury claim.  Motion at ¶¶ 16-17.

The motion states that the costs of the above-described review, which totaled $1,137.25 (consisting of $1,050.00 for the nurse consultant and $87.25 for the costs of obtaining medical records), were deducted from the $2,500.00 retainer, leaving a

---

[3] In the motion, petitioner states that respondent does not oppose this application for attorneys' fees and costs, but the lack of objection to the amount sought in this case should not be construed as admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs.  Motion at ¶ 24.

[4] The motion was supported by five exhibits: Exhibit A (billable hours); Exhibit B (résumé of consultant); Exhibit C (costs); Exhibit D (affidavit of John Taylor); Exhibit E (General Order #9 Statement).

balance of $1,362.75.  Motion at ¶¶ 18, 20.  The motion seeks reimbursement of the $1,137.25 to petitioner as a cost.  Motion at 4.  Counsel intends to keep the remaining balance of $1,362.75 as a "retainer fee."  Motion at ¶ 20.[5]  The motion explains:

> No part of the $2,500.00 retainer and cost payment by Petitioner to Petitioner's Counsel represented a fee for services rendered by Petitioner's counsel to Petitioner in connection with a petition under 42 U.S.C. § 300aa-11.  As stated above, these funds were paid by Petitioner for the purpose of performing an initial medical review and evaluation of Mr. Kapp's relevant medical records by a qualified medical professional and as a retainer to secure the representation of Petitioner's Counsel, which is separate and apart from a payment for professional time spent by attorneys or paralegals [in] litigation [of] this Petition and Amended Petition.  After deduction of the costs of this review $1,137.25, the total 'retainer fee' paid by Petitioner to Petitioner's Counsel was $1,362.75.

Motion at ¶ 20; *see also* Exhibit E (General Order #9 Statement).

Petitioner's counsel asserts that he is compliant "with 42 U.S.C. § 300aa-15(e)(3) as [he is] not seeking to charge Petitioner a 'fee for services in connection with a petitioner under [42 U.S.C. § 300aa-11] which is in addition to the amount of attorneys' fees that may be awarded by the special master or court' in this application.'  42 U.S.C. § 300aa-15(e)(3)."  Motion at ¶ 21.

Petitioner's counsel's assertion, however, is not supported by relevant case law.  In *Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991), the Federal Circuit interpreted section 15(e)(3) broadly, to preclude  an attorney from charging or collecting anything beyond what the special master awards petitioner as compensation for attorneys' fees and costs.  924 F.2d at 1039.[6]  In *Beck*, the Circuit interpreted "the term 'fee for services' in section 15(e)(3) [to] refer[] to all the charges on a lawyer's bill, regardless of how they are characterized."  *Id.* at 1032.

The undersigned views *Beck* as prohibiting counsel in this case from keeping the remainder of petitioner's retainer fee, despite counsel's characterization of the balance as payment "to secure representation," Motion at ¶ 21, as it constitutes compensation in addition to that awarded herein.  Therefore, the undersigned requires counsel to return the retainer balance of $1,362.75 to petitioner.

---

[5] On March 22, 2017, the staff attorney managing this case on behalf of the undersigned held a status conference with petitioner's counsel, John R. Taylor, and respondent's counsel, Gordon E. Shemin, to seek clarification and to confirm the undersigned's understanding of Mr. Taylor's intentions.

[6] *See also Petska v. Sec'y of Health & Human Servs*, 2015 WL 11109789 (Fed. Cl. Spec. Mstr. Mar. 25, 2015), at *12-14 (applying *Beck* and finding that attorney compensation is limited to the amount awarded by the special master regardless of any retainer agreement).

The Vaccine Act permits the undersigned to award reasonable attorneys' fees and costs.  § 15(e).  The undersigned has reviewed the billing records and supporting documents submitted with petitioner's motion and finds the request to be reasonable, except for counsel's intentions regarding the retainer fee balance, as discussed above.

Therefore, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs, but requires petitioner's counsel to promptly return the unused balance of the retainer fee to petitioner.

**Accordingly, the following is ORDERED:**

**(1) Petitioner is awarded the following compensation for attorneys' fees and costs and petitioner's costs:**

**(a) A lump sum of $11,860.39 representing reimbursement for all attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, John R. Taylor; and**

**(b) A lump sum of $1,137.25 for reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

**(2) Petitioner's counsel shall return the retainer fee balance of $1,362.75 to petitioner.[7]**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Chief Special Master

---

[7] As discussed herein, this amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.